IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLORFUL DAYS, CO.<br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and<br>UNINCOPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A"<br>Defendant | |

COMPLAINT

Plaintiff Colorful Days Co. ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") and alleged as follows:

JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the state of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in

Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products featuring Plaintiff's patented design. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3.     This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, namely the pet carriers shown in Exhibit 1, that infringe Plaintiff's patented design, U.S. Patent No. D903205S1 (the "Infringing Products"). The Defendants create the Defendant Internet Stores by the dozens and designs them to appear to be selling genuine products, while actually selling Infringing Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as using the same product images, same advertising, design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using,

selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PARTIES

Plaintiff Shen Zhen Pin Zheng Digital Electronic Technology Co., Ltd

4. Plaintiff Colorful Days Co. is a limited company based in Miami, Fl. Plaintiff is the owner by assignment of U.S. Design Patent No. D903205 (the "'205 Patent") titled "Pet Carrier."

5. Plaintiff sells through the Amazon store which offers for sell Colorful Days Co. branded pet carriers which practices the '205 Patent. Plaintiff and the Colorful Days Co. store have established their product as the first to market and has an established reputation and quality reviews.



6. Plaintiff is the lawful owner of all rights, title, and interest in the '205 Patent. The '205 Patent was duly issued on November 24, 2020. Attached hereto as Exhibit 2 is a true and correct copy of the '205 Patent.

7. Plaintiff has not granted a license or any other form of permission to Defendants with respect to

the patent design or the '205 Patent.

The Defendants

8. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois.

10. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the '205 Patent in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

11. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the '205 Patent, and none of the Defendants are authorized retailers of Plaintiff's Products.

12. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants

to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

13. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features, including the same product images, accepted payment methods, checkout methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same text and images, including content copied from Plaintiff's original product listings.

14. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

15. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

16. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the '205 Patent, and continue to do so via the Defendant Internet

Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

17. Defendants' infringement of the '205 Patent in the offering to sell, selling, or importing of the Infringing Products was willful.

18. Defendants' infringement of the '205 Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I

### INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D903205 (35 U.S.C. § 271)

19. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

20. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the '205 Patent.

21. Defendants have infringed the '205 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

22. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the '205 Patent, Plaintiff will be greatly and irreparably harmed.

23. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including

Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

PRAYER FOR RELIEF WHEREFORE,

Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patented Design;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and

c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index; 3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patented Design, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the Patented Design;

4) That Plaintiff be awarded from Defendants, as a result of Defendants' use and infringement of the Patented Design, three times Plaintiff's therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 9th day of June, 2021.

Respectfully submitted,

/s/ Robert M. DeWitty

DeWitty and Associates
700 Pennsylvania Avenue
The Yard
Washington, D.C. 20003
202.380.9609
admin@dewittyip.com
*Counsel for Plaintiff Colorful Days Co.*